# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1754

_____

Jack Harold Jones, Jr.,

        Plaintiff,

Don William Davis,

        Intervenor plaintiff-
        Appellee

Alvin Bernal Jackson,

        Intervenor plaintiff

Stacey Eugene Johnson,

        Intervenor plaintiff-
        Appellee

Kenneth Dewayne Williams;
Jason Farrell McGehee;
Bruce Earl Ward,

        Intervenor plaintiffs

        v.

Ray Hobbs, in his official capacity
as Acting Director of the Arkansas
Department of Correction,

        Appellant.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[PUBLISHED]

_____

Submitted: April 9, 2010
Filed: April 9, 2010
_____

Before MELLOY, GRUENDER and BENTON, Circuit Judges.
_____

PER CURIAM.

On February 3, 2010, Arkansas death row inmate Jack Harold Jones, Jr., filed a motion to intervene in a 42 U.S.C. § 1983 action filed by Marcel Williams, another death row inmate, challenging the constitutionality of the Arkansas Method of Execution Act ("MEA"). Williams claimed, among other things, that the MEA violates the Ex Post Facto Clause of Article I, Section 10 of the U.S. Constitution and the Due Process Clause of the Fourteenth Amendment. On March 2, 2010, the district court dismissed Williams's § 1983 suit for failure to state a claim and denied as moot Jones's motion to intervene. *See Williams v. Hobbs*, No. 5:09-cv-00394, 2010 WL 749563, at *5 (E.D. Ark. Mar. 2, 2010). On March 8, 2010, Jones filed his own § 1983 challenge to the MEA and sought a preliminary injunction to stay his execution. Although the district court acknowledged that it had recently rejected nearly identical claims in *Williams*, the court issued a preliminary injunction staying Jones's execution "pending further orders."

The district court allowed death row inmates Don William Davis and Stacey Eugene Johnson to intervene in Jones's § 1983 action on March 17, 2010, and March 22, 2010, respectively. On April 5, 2010, the district court dismissed Jones's § 1983 suit "for the same reasons as in *Williams*." *See Jones v. Hobbs*, No. 5:10-cv-00065, slip op. at 1-2 (E.D. Ark. Apr. 5, 2010) (hereinafter "*April 5, 2010 Order*"). At the same time, the district court ordered the upcoming executions of Davis (set for April 12, 2010) and Johnson (set for May 4, 2010) stayed "pending further orders." *Id.* at 8. The court explained that "[t]he reasons for staying the execution of Jones apply

-2-

equally to Davis and Johnson." *Id.* at 7. The State has filed a motion to vacate Davis's and Johnson's stays of execution. Because we conclude that the district court abused its discretion in staying these executions, we grant the State's motion to vacate.

In issuing Jones a preliminary injunction and staying his execution, and then adopting the same reasons in staying the impending executions of Davis and Johnson, the district court applied the wrong legal standard. Specifically, the district court found, citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc), that in challenging the constitutionality of the MEA, Jones had raised "serious questions" requiring "deliberate investigation." *Jones v. Hobbs*, No. 5:10-cv-00065, slip op. at 4 (E.D. Ark. Mar. 11, 2010). The Supreme Court has made clear, however, that "inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). The plaintiffs in *Jones* have failed to show—and the district court did not find—that they have any realistic chance of prevailing on the merits, much less that they have a significant possibility of success on the merits. Under *Hill*, the likelihood of irreparable harm (which is present in every § 1983 action challenging a proposed method of execution) is not enough. Nor is it enough to declare that the plaintiffs have raised "serious issues" requiring "deliberate investigation." For the reasons given by the district court in dismissing this action for failure to state a claim, we conclude that Davis and Johnson have virtually no chance of success on the merits. *See April 5, 2010 Order*, slip op. at 7 (dismissing all claims as purely speculative).

We have held that Arkansas's current lethal injection protocol does not violate the Eighth Amendment, *see Nooner v. Norris* (*Nooner II*), 594 F.3d 592, 608 (8th Cir. 2010), *reh'g denied*, --- F.3d --- (8th Cir. Apr. 5, 2010), and the State insists that the protocol "that would be used in Davis['s] and Johnson's executions is the identical protocol already approved [in *Nooner II*]," *see* State's Mot. to Vacate, at 9. The

plaintiffs' facial challenge to the MEA on the basis that it authorizes the State to adopt a different, unconstitutional protocol (or to deviate from the current protocol) at the eleventh hour is purely speculative. Failing to dissolve the stays under these circumstances not only would leave the district court's abuse of discretion uncorrected, it would undermine the principle that "[f]iling an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course," *see Hill*, 547 U.S. at 583-84. Accordingly, we have already vacated the preliminary injunction and stay of execution issued to Jones, and we now grant the State's motion to vacate Davis's and Johnson's stays of execution.

For the foregoing reasons, the State's motion to vacate the order staying the executions of Davis and Johnson is granted.

MELLOY, Circuit Judge, dissenting.

I read the majority opinion in this case to reject the State's argument that the heightened standard of proof articulated in Planned Parenthood v. Rounds, 530 F.3d 724 (8th Cir. 2008), applies to stays of execution. Rather, the standard set forth in Hill v. McDonough, 547 U.S. 573, 584 (2006), applies. As the majority notes, the Hill case requires that inmates seeking to challenge the manner of execution must show a significant possibility of success, rather, than the Planned Parenthood standard of a likelihood to prevail on the merits.

I find nothing set out in Hill which is in any way inconsistent with the district court's utilization of Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109 (8th Cir. 1981) (en banc). I believe the State has failed to demonstrate that the district court abused its considerable discretion in applying the Dataphase factors. The district court properly balanced the Dataphase factors, including, likelihood of success,

against the irreparable harm of going forward with an execution under a possibly unconstitutional execution statute.

In Nooner v. Norris, 594 F.3d 592 (8th Cir. 2010), an opinion which I joined, we approved an execution protocol developed under the prior version of the statute. That statute required that a minimum of thirty-days notice prior to any execution of any changes in the protocol. The statute was also interpreted to require that the notice be available to the condemned prisoner, his or her attorneys, and any other interested parties. The new statute grants to the Director of the Arkansas Department of Corrections virtually unfettered discretion to modify the method of execution, including, the chemicals to be used, the procedure to be employed, the qualifications and training of the medical personnel assisting in the execution, and the method of the insertion of the intravenous line. The statute goes on to exempt from the Arkansas Freedom of Information Act any changes to the protocol, with the exception, of the quantity, method, and order of the chemicals to be administered.

I believe that this power granted to the Director of the Arkansas Department of Corrections is without precedent in any statute in the United States. Both our decisions in Nooner v. Norris, supra and Clemons v. Crawford, 585 F.3d 1119 (8th Cir. 2009), a case Nooner relied upon, were based on a review of a written execution protocol which was ultimately determined to be constitutional. In the prior case, dealing with the Missouri method of execution, our court discussed at great length the dangers of utilizing an unwritten protocol and the importance of having procedures that are clearly outlined and established prior to the date of execution. Taylor v. Crawford, 487 F.3d 1072 (8th Cir. 2007).

While I acknowledge the State has indicated it intends to use the current written protocol, the fact remains that protocol can be changed at any time, without notice to anyone, up to the minute of execution. I do not doubt the sincerity of the state officials when they say they intend to use the written protocol, the fact remains the

Attorney General and Director of the Department of Corrections went to the Arkansas legislature and sought the authority to modify the protocol at any time, with virtually no notice to anyone.

While that statute may ultimately be determined to be constitutional, I agree with the district court that there is a sufficient likelihood of success, weighed against the other <u>Dataphase</u> factors, that the stay should remain in effect until that issue can be resolved.

_____